# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LE POUA YANG,

        Plaintiff,

v.                                                                      Case No. 13-C-13

DR. ENRIQUE LUY and
PATRICIA BILLINGS, RN,

        Defendants.

## DECISION AND ORDER

The pro se Plaintiff, Le Poua Yang ("Yang"), filed a civil rights Complaint against Dr. Enrique Luy ("Luy") and Patricia Billings, RN, ("Billings") relating to medical treatment that he received while he was confined at Racine Correctional Institution. Liberally construed, Yang's verified Complaint[1] alleges that Luy prescribed Simvastatin to control Yang's high cholesterol on March 24, 2011, and that he and Billings were deliberately indifferent to Yang's serious medical needs following his adverse reactions to the medication

---

[1] The Complaint states that: "I declare under penalty of perjury that the foregoing is true and correct." By declaring under penalty of perjury that his Complaint is true and signing the document, Yang has verified his Complaint pursuant to 28 U.S.C. § 1746. Thus, factual statements contained in his Complaint are considered as if they were made in an affidavit. (Compl. 6.)

In that regard, Yang is admonished that he falsely answered 'no' the question on the Complaint: "Have you begun other lawsuits in state or federal court." Contrary to Yang's answer, he filed a petition for a writ of habeas corpus in 2008, *Yang v. Smith*, 08-C-617 (E.D. Wis.).

which Yang first reported in late March 2011. Yang also refers to state law claims of medical malpractice. This case comes before the Court on Yang's petition to proceed *in forma pauperis* and motion for appointment of counsel.

### Petition to Proceed *in Forma Pauperis*

To authorize a litigant to proceed *in forma pauperis* the Court must make two determinations: 1) whether the litigant is unable to pay the costs of commencing the action and 2) whether the action is frivolous or malicious. 28 U.S.C. §§ 1915(a) and (e)(2). The Court is obliged to give a plaintiff's *pro se* allegations, however unartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Yang's petition for leave to proceed *in forma pauperis* states that he was last employed in November 2012 earning $50.00 per month. Yang is single and has no dependents. Yang owns 2000 Honda Civic worth $1,000.00. He has no other valuable tangible or intangible possessions, no cash, and no checking, savings or similar type of account.

Yang reports the following monthly expenses: $100.00 for rent; $200.00 for food; $20.00 for medication; $60.00 for automobile insurance; $50.00 for a student loan payment; and $180.00 for gasoline. Yang's monthly expenses total $610.00, and significantly exceed his income. He also indicates that he is looking for a job and is "basically living off his family." Based on the information provided, the Court concludes Yang has satisfied the requirements of § 1915(a) and is unable to pay the costs of commencing this action.

2

Next, the Court will consider whether Yang's action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). District courts may screen complaints filed by all litigants. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). A district court may screen the complaint prior to service on the defendants, and must dismiss a complaint if it is legally "frivolous or malicious" or fails to state a claim upon which relief may be granted. *Id.*; 28 U.S.C. § 1915(e)(2)(B).

To avoid dismissal for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). In deciding whether the complaint states a claim, the Court must accept as true all of the factual allegations contained in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give a plaintiff's pro se allegations,

3

"however inartfully pleaded," a liberal construction. *See Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they display deliberate indifference to serious medical needs of prisoners. *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005). Deliberate indifference to a medical need involves both an objective component (a sufficiently serious medical need) and a subjective component (a sufficiently culpable state of mind on the part of the defendants in denying medical care). *Id.* at 653. The defendants must know of the plaintiff's serious medical need, but consciously disregard it so as to inflict cruel and unusual punishment. *Johnson v. Doughty,* 433 F.3d 1001, 1010 (7th Cir. 2006).

Construing the Complaint in the light most favorable to Yang, he took the cholesterol medication and within about a week lost the hearing in his left ear and became nauseated. He notified Health Services in writing.

On March 30, 2011, when Yang was extremely dizzy and vomiting, he went to Health Services where he was seen by Billings. She read his written request for Health Services about recently starting Simvastatin and then experiencing hearing loss and nausea. Billings consulted with Luy, who refused to examine Yang and said "oh that's just earwax." Billings went along with Luy and also told Yang that she saw signs of a viral ear infection. Billings also told Yang to drink a lot of water, knowing that he could barely stand up to get water.

4

On April 5, 2011, Nurse Amandy Moore ("Moore") told Yang that he did not see any excessive ear wax or any signs of an ear infection. Moore scheduled an emergency appointment for Yang with Luy.

On April 6, 2011, Luy saw Yang and told him that it was just a viral ear infection and that he would prescribe Meclizine to cure the infection and bring Yang's hearing back to normal. On April 21, 2011, Nurse Winona Winston told Yang that Luy lied to him, because Meclizine is only an anti-dizzy medication which was not going to cure any ear infection.

On May 5, 2011, lab tests showed that Yang had developed an autoimmune thyroid disease, and he had a high TSH (thyroid stimulating hormone) blood test. Luy denied any attempts by Yang to obtain outside medical attention or opinion, or care from a medical specialist. Yang filed a complaint with Sue Nygren, Luy's supervisor. Thereafter, audiograms were performed on July 20, and September 1, 2011. Yang was then seen by a ear nose and throat specialist, Kathleen Wilkinson ("Wilkinson") at the University of Wisconsin Hospital. Wilkinson told Yang that he has a severe permanent hearing loss in his left ear that cannot be helped with a hearing aid and that, if she had seen him at the onset of his hearing loss, she would have had a better chance of restoring his hearing. Lab reports of July 28, 2011, and March 3, 2012, are also indicative of Lupus Erythematosis and Sjojrens Syndrome.

At this stage, the Court cannot determine whether the actions (or inactions) of Luy and Billings amounted to deliberate indifference, constituted mere negligence, or were

5

a reasonable exercise of medical judgment. Accordingly, Yang's will be allowed to proceed on his constitutional claim relating to the medical treatment afforded by Luy and Billings. The Court will also exercise its supplemental jurisdiction and allow Yang to proceed on his state law medical malpractice claims against Luy and Billings.

## Motion for Appointment of Counsel

With respect to Yang's motion for appointment of counsel, although civil litigants do not have a constitutional or statutory right to appointed counsel, the Court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Id.* at 654-55. Once this threshold burden has been met, the Court must address the following question: given the difficulty of the case, does the plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Id.* (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).

In this action, Yang has provided evidence that he attempted to obtain legal counsel on his own. However, at this stage of the proceedings, the issues in this case are straightforward and uncomplicated and Yang's filings indicate that he is capable of litigating this case himself. Notwithstanding that conclusion, as this case proceeds, the need for counsel may arise. The Court will consider a motion to appoint counsel at a later date. Accordingly, Yang's motion for appointment of counsel is denied without prejudice.

6

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Yang is **GRANTED** leave to proceed *in forma pauperis* (ECF No. 2) on his Eighth Amendment and medical malpractice claims against Luy and Billings.

The United States Marshal must **SERVE** a copy of the Complaint and the attachments, the summons, and this Decision and Order upon Luy and Billings pursuant to Federal Rules of Civil Procedure 4. Yang is advised that Congress requires the United States Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided at 28 C.F.R. § 0.114(a)(2), (a)(3). Although Congress requires the Court to order service by the United States Marshals Service because *in forma pauperis* plaintiffs are unable to pay the filing fee, it has not made any provision for these fees to be waived either by the Court or by the United States Marshals Service.

Yang's motion to appoint counsel (ECF No. 3) is **DENIED** without prejudice.

Yang is **NOTIFIED** that from now on, he is required, under Federal Rules of Civil Procedure Rule 5(a), to send a copy of every paper or document filed with the Court to the opposing parties or if the opposing party is represented by counsel to counsel for that party. *See* Fed. R. Civ. P. 5(b). If Yang does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The Court may disregard

any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney, if the party is represented by an attorney.

Yang is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 18th day of January, 2013.

**BY THE COURT**

*/s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa
U.S. District Judge**