# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LEE POUA YANG,**

        Plaintiff,

    v.                                             Case No. 13-C-13

**DR. ENRIQUE LUY, and
PATRICIA BILLINGS, R.N.,**

        Defendants.

## DECISION AND ORDER

This action was stayed while the Court made multiple attempts to recruit counsel to represent the Plaintiff Lee Poua Yang ("Yang"). Only one of those attempts is documented in the file; however, the Court made five other — ultimately unsuccessful — attempts to recruit counsel. One of those attempts included contacting a major out-of-state law firm. In deciding to attempt to recruit counsel, the Court noted that it was within its discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case, *Navejar v. Iyiola,* 718 F.3d 692, 696 (7th Cir. 2013); *Ray v. Wexford Health Sources, Inc.,* 706 F.3d 864, 866-67 (7th Cir. 2013); *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007), and found that Yang had satisfied the threshold requirement for appointment of counsel because he attempted to secure representation. *Pruitt*, 503 F.3d at 654. Although the Court denied Yang's initial motion for appointment of counsel, his subsequent motion, dated October 8, 2013, renewed all the grounds raised in his original motion and indicated that he had been in the custody of Milwaukee County since September 9, 2013, and would

not be released until December 12, 2013. Relying on the facts that Yang is unemployed, does not have funds to hire an attorney or expert witness to assist him, and lacks the knowledge and expertise required to litigate his Eighth Amendment deliberate indifference and state malpractice claims, the Court concluded that, given the difficulty of the case, Yang would be hard pressed to engage in the tasks that would normally attend the litigation and there was a reasonable likelihood that the presence of counsel would make a difference in the outcome of the case. *See Navejar*, 718 F.3d at 696.

In the interim, Yang has been released from jail. *Henderson v. Ghosh*, ___F.3d ___, 2014 WL 2757473, at *6 (7th Cir. June 18, 2014), was also issued reversing a district court's decision in an Eighth Amendment deliberate indifference action for failure to appoint counsel where the record reflected the plaintiff's low IQ, functional illiteracy, and limited education.

Here, the Court faces a different problem. This Court identified Yang, among a sea of people lacking counsel, as needing counsel. *See Olson v. Morgan,* 750 F.3d 708, 711 (7th Cir. 2014). It made multiple attempts to recruit counsel. Those attempts were given serious consideration by the firms that were contacted, and six firms declined to represent Yang. The Court's efforts were preceded by those of Yang, who contacted three skilled law firms who could be expected to do work of this nature — those firms declined. (*See* Mot. Appointment Counsel, 1-2, ECF No. 3.)

At this juncture, the Court has decided that it is not prudent to further delay this action. It also notes that Yang's pleadings and motions are above average in content and composition; and he is no longer confined, eliminating one barrier to his ability to work

on his case. The fact that his case does not meet the criteria for acceptance by a law firm does not mean that the Defendants' conduct did not violate Yang's constitutional rights, constitute medical malpractice, or that he cannot prevail in this action. However, considering the significant efforts made to obtain representation for Yang, the Court's search for counsel to represent Yang must cease. Therefore, Yang's motion for appointment of counsel is denied, without prejudice.

While this action was stayed, the deadlines set by the May 21, 2013, scheduling order expired. Therefore, pursuant to Federal Rule of Civil Procedure 16(b), a supplemental telephonic scheduling conference is scheduled for August 20, 2014 at 10:30 a.m. The parties are expected to be available at that time. The Court will initiate the call.

The purpose of the conference call is to establish a revised scheduling order which will limit the time:

1. to file motions; and

2. to complete discovery;

The revised scheduling order may also:

3. modify the timing for disclosure under Rules 26(a) and 26(e)(1) and of the extent of discovery to be permitted;

4. provide for the disclosure or discovery of electronically stored information;

5. include any agreements the parties reach for asserting claims of privilege or protection as trial preparation material after information

is produced;

6. the date or dates for conferences before trial, a final pretrial conference, and trial; and

7. any other matters appropriate in the circumstances of the case.

The time limitations set forth in the revised scheduling order may only be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4).

The parties should be prepared to discuss the matters listed in Civil Local Rule 16(a)(1). Please refer to Attachment A. The parties must conduct a supplemental settlement/discovery conference no later than August 13, 2014. The supplemental conference may be conducted by telephone. No later than August 18, 2014, the parties must file a written report outlining the proposed discovery plan they have developed at their Rule 26(f) conference. The written report must include the telephone numbers where the parties can be reached for the scheduling call.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Yang's motion for appointment of counsel (ECF No. 18) is **DENIED;** and

The parties shall participate in a supplemental telephonic scheduling conference on August 20, 2014 at 10:30 a.m. (Central Time). The Court will initiate the call.

Dated at Milwaukee, Wisconsin, this 5th day of August, 2014.

**BY THE COURT:**

_Rudolph T. Randa_
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**