# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LEE POUA YANG,**

      Plaintiff,

    v.                                          Case No. 13-C-13

**DR. ENRIQUE LUY, and
PATRICIA BILLINGS, R.N.,**

      Defendants.

# DECISION AND ORDER

This action was stayed while the Court made multiple unsuccessful attempts to recruit counsel to represent pro se Plaintiff Lee Poua Yang ("Yang"). Thereafter, on August 5, 2014, the Court issued an order setting an August 20, 2014, supplemental scheduling conference and requiring that the parties file a written report in advance of that conference. No report was filed although counsel for Defendant Dr. Enrique Luy attempted to reach Yang on the morning of August 19. On August 20, the Court called Yang for the conference and there was no answer. On September 2, the Court sent Yang a letter advising him that his case would be dismissed for want of prosecution on the Court's own motion unless on or before Monday, September 22, 2014, Yang filed the required joint Rule 26(f) report or a letter stating reasons why there is good cause for him not doing so. To date Yang has not responded to

the Court's letter.

Under Federal Rule of Civil Procedure 41(b), a case should only be dismissed when "there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Brown v. Columbia Sussex Corp.,* 664 F.3d 182, 190 (7th Cir. 2011) (citation omitted). For Rule 41(b) dismissals, the record of delay, contumacious conduct or prior failed sanctions must be "clear." *Maynard v. Nygren,* 332 F.3d 462, 468 (7th Cir. 2003) (citation omitted). Generally, a single missed deadline or status hearing does not support dismissal for want of prosecution. *See Sroga v. Huberman,* 722 F.3d 980, 983 (7th Cir. 2013). However, Yang has missed two deadlines and the action is at a standstill.

Yang was also warned that failure to prosecute could result in the dismissal of this action. *See Fischer v. Cingular Wireless, LLC,* 446 F.3d 663, 665 (7th Cir. 2006). While the impact of the delay on this Court and the prejudice to the Defendants is minimal, Yang has not responded to the Court's order or its letter. "Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party can not decide for itself when it feels like pressing its action and when it feels like taking a break because '[t]rial judges have a responsibility to litigants to keep their court calendars as current as humanly possible.'" *James v. McDonald's Corp.,* 417 F.3d 672, 681 (7th Cir. 2005) (citations omitted). Dismissal of this action is a

drastic sanction. However, given the record of Yang's delay, it is the appropriate recourse for the Court.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Yang's action is **DISMISSED FOR LACK OF PROSECUTION**; and

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of September, 2014.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**